IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSEPH K. HARRIS,                    §
                                     §
          Plaintiff,                 §
                                     §
V.                                   §          No. 3:13-cv-3983-K-BN
                                     §
PROGRESSIVE INSURANCE, INC.,         §
                                     §
          Defendant.                 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This action has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference. Pending before the Court are Plaintiff Joseph K. Harris's Second Motion to Strike [Dkt. No. 25] and Defendant Progressive Insurance, Inc.'s ("Progressive") Motion for Sanctions [Dkt. No. 26] and motions to dismiss [Dkt. Nos. 22 & 35] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Plaintiff's motions to strike and for sanctions should be denied, and Defendant's motions to dismiss should be construed pursuant to Fed. R. Civ. P. 12(d) as a motion for summary judgment and should be granted.

**Background**

Plaintiff Joseph K. Harris, proceeding *pro se*, filed a lawsuit contending that he was subjected to at least 28 "robo-calls" by NCO Financial Systems, a non-party debt collector working on behalf of Defendant Progressive, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq. See* Dkt. No. 1. Defendant filed a

motion to transfer venue or dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 22. Because Plaintiff appeared to assert factual allegations "virtually identical to those made" in a prior lawsuit against NCO Financial Systems, *Harris v. NCO Financial Systems*, No. 3:12-cv-1833-K-BN, District Judge John McBryde granted Defendant's motion to transfer and transferred the lawsuit to the Dallas Division. *See* Dkt. No. 32.

Defendant then filed a second motion to dismiss Plaintiff's lawsuit based upon the settlement agreement entered into in the first federal case, *Harris v. NCO Financial Systems*. *See* Dkt. No. 35.  Plaintiff has moved to strike Exhibit B, a copy of the settlement agreement, alleging that it was submitted to the Court in violation of a confidentiality clause. *See* Dkt. No. 25. Plaintiff filed a response opposing the motion to dismiss. *See* Dkt. No. 38. Defendant also seeks the imposition of sanctions due to Plaintiff's failure to inform the Court of prior settlement payments in his motion to proceed *in forma pauperis*. *See* Dkt. No. 26. All four motions are ripe for determination.

## Legal Standards

Defendant has filed two motions to dismiss pursuant to Rule 12(b)(6) based on a settlement agreement, attached to both motions, entered into last year. A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498-99 (5th Cir. 2000) (internal quotation marks omitted). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

But, "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). While parties should be on notice that matters outside the pleadings are being considered by the Court, a district court need not give "express notice" that it will treat the motion to dismiss as one for summary judgment. *See Mackey v. Owens,* 182 F.3d 915 (table), 1999 WL 423077, at *2 (5th Cir. June 2, 1999); *Montgomery v. Sears Roebuck & Co.*, No. 09-0584, 2010 WL 4781438, at *3-*4 (W.D. La. Oct. 14, 2010). Instead, "'the proper question is whether the nonmovant was on notice that 'the district court *could* treat the motion as one for summary judgment, not [whether] the court *would* in fact do so.'" *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC,* 255 F. App'x 775, 784 (5th Cir. 2007) (quoting *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1284 (5th Cir. 1990) (emphasis in

original)). Typically, a nonmovant is considered to have notice when the nonmovant is aware that additional materials have been attached to the motion to dismiss, the nonmovant has had time to respond to the motion, and the nonmovant is aware that the court may rule on the motion using the additional materials. *See Isquith v. Middle S. Utils., Inc.,* 847 F.2d 186, 195-96 (5th Cir. 1988) (concluding that plaintiffs had adequate notice); *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 746 (5th Cir. 1986) (holding that sufficient notice had been given to the nonmovant when the court held a hearing, at which the court accepted evidence outside the pleadings, and there was ample time after the hearing for the parties to submit additional evidence to the court).

Under Fed. R. Civ. P. 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set

forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment,"*Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999). The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential

fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

Whether or not the Court construes Defendant's motions to dismiss as one for summary judgment, it is "clearly proper ... to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *see also* FED. R. EVID. 201(b)(2). When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith*, 847 F.2d at 196 n.3.

## Analysis

### Consideration of Settlement Agreement

Initially, the Court must determine whether the Settlement Agreement and Release of Liability may be considered in connection with Defendant's motions to

dismiss. Plaintiff did not attach the agreement to his complaint, nor is it referenced in the complaint. Plaintiff urges that "the Court should not construe the instant motion to dismiss as a motion for summary judgment." Dkt. No. 38 at 4. However, the undersigned concludes that Plaintiff was certainly on notice that the Court could consider the Agreement and treat the motion as one for summary judgment based on the attachment of the settlement agreement to Defendant's motion to dismiss.

First, Defendant cited the settlement agreement in answering Plaintiff's complaint on August 7, 2013. *See* Dkt. No. 13 at 3. Defendant then attached the agreement to its first motion to dismiss, filed August 7, 2013. *See* Dkt. No. 16 at 45-47. Defendant again moved to dismiss this case based on the Settlement Agreement and Release of Liability in the Motion to Transfer Venue and Alternative Motion to Dismiss, filed August 14, 2013. *See* Dkt. No. 24 at 38-40. Defendant once more relied on the agreement in its October 10, 2013 motion to dismiss. *See* Dkt. No. 37 at 36-38.

Plaintiff himself relies on the contents of the settlement agreement in his two motions to strike, contending that Defendant violated the agreement by disclosing it to the Court. *See* Dkt. Nos. 20 & 25. In the nearly six months since Defendant first raised the settlement agreement, Plaintiff was provided ample time to respond and submit additional evidence, should he wish to do so.

Plaintiff clearly was aware that additional materials were attached to the motions to dismiss, had time to respond to the motions, and was fully aware that the Court may rule on the motion using the additional materials. *See Isquith,* 847 F.2d at 195-96. The Court should consider the agreement and convert the instant motions to

dismiss into Rule 56 motions for summary judgment pursuant to Fed. R. Civ. P. 12(d).

<u>Motion to Strike</u>

Plaintiff moves to strike Exhibit B, a copy of the March 27, 2013 Settlement Agreement and Release of Liability, because "Defendant knowingly and willfully violated the confidentiality provisions of the settlement agreement when it chose to file such exhibit without redaction, or under seal." Dkt. No. 25 at 2. Plaintiff's argument is without merit, and his Second Motion to Strike [Dkt. No. 25] should be denied.

The Settlement Agreement states:

> Claimant, his attorneys, heirs, executors and/or administrators further represent and agree the terms and conditions of this Agreement, all facts and circumstances regarding the Lawsuit or the dispute between the Parties, and the final negotiations regarding this Agreement are strictly confidential, and shall not in the future be disclosed by any means including the media, internet blogging and regulatory complaints, other than to the Parties and their counsel and Claimant's close family members and financial advisors. This confidentiality representation does not apply to disclosures that may be required by court order or regulatory authority or to disclosures necessary to enforce this Agreement.

Dkt. No. 37 at 37. By the agreement's plain terms, its confidentiality clause applies only to Plaintiff, his attorneys, heirs, executors, and administrators – not to the Released Parties. And, as Defendant notes, even if the prohibition was meant to cover disclosures by Defendant, it does not apply to disclosures "necessary to enforce this Agreement." *Id.* That is, the party bound by the non-disclosure provision is permitted to disclose the Settlement Agreement in order to enforce it.

Finally, Plaintiff's contention that Defendant is bound by the confidentiality clause seems at odds with his underlying contention that Defendant is not a party to

or covered by the settlement agreement for purposes of enforcing the release of claims.

Accordingly, Plaintiff's motion to strike [Dkt. No. 25] should be denied.

Motion for Summary Judgment

Defendant contends that this lawsuit should be dismissed under the terms of the Settlement Agreement and Release of Liability signed by Plaintiff and NCO Financial Systems on March 27, 2013. Under that document's terms, Plaintiff agreed to "fully, finally, and forever" settle and release the Released Parties from the Released Claims and is barred from asserting any of those claims in any court or forum. *See* Dkt. No. 37 at 36. Released Parties consist of:

> NCO Financial Systems, Inc., and each of its past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company and all assigns, licensees, divisions, clients, and joint ventures.

*Id.* Released Claims include

> any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, whether known or unknown, whether based on any federal law, state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), arising out of, based upon, or in any way relating to the Alleged Violations or the conduct alleged in the Lawsuit, which Claimant has or may have in any capacity against the Released Parties from the beginning of time to the Effective date.

*Id.* at 36-37.

Plaintiff does not dispute that the prior lawsuit, *Harris v. NCO Financial Systems*, No. 3:12-cv-1833-K, challenges the same conduct made the basis of this

lawsuit, and the undersigned takes judicial notice that the allegations in both complaints are essentially identical. *Compare* Dkt. No. 37 at 6-34, *with id.* at 47-54. The claims at issue here, then, would be considered Released Claims.

The only question is whether Defendant should be considered a Released Party under the agreement. Defendant urges that it is being sued as NCO's client. *See* Dkt. No. 36 at 7. Plaintiff does not directly address the terms – or existence – of the settlement agreement. Instead, he contends that Defendant should be held responsible for the misconduct of NCO Financial Systems under a Federal Communications Commission rule. *See* Dkt. No. 38 at 4-8.

The undersigned concludes that the clear and unambiguous language of the Settlement Agreement and Release of Liability bars the instant lawsuit. The very basis upon which Plaintiff sues – that Defendant is responsible for the 28 improper robocalls made by NCO Financial Systems – clearly compels that Defendant was acting as NCO's client. That is, Defendant hired NCO and acted as NCO's client, and NCO committed the acts at issue in the two lawsuits brought by Plaintiff.

The settlement agreement bars Plaintiff's claims as a matter of law. Accordingly, summary judgment should be granted.

<u>Motion for Sanctions</u>

Finally, Defendant seeks sanctions due to Plaintiff's failure to divulge in his motion to proceed *in forma pauperis* the $3,500 settlement he obtained in *Harris v. NCO Financial Systems* or any other amounts received in connection with the six lawsuits that have resulted in agreed motions to dismiss since June 2012. *See* Dkt. No.

-10-

26 at 2-3 & n.1. Plaintiff appears to have been less than candid with the Court in the sworn motions to proceed *in forma pauperis* that he has submitted in the last few years. Indeed, just two months after receiving a $3,500 settlement, Plaintiff reported absolutely no money received from any source other than employment over the prior 12 months and $21.00 in cash available to him. *See* Dkt. No. 2.

Even more concerning to the undersigned, Plaintiff has filed two motions to proceed *in forma pauperis* – which omit any information about this or any other monetary settlement – since Defendant alerted the Court and Plaintiff to his omission. *See Harris v. Cellco P'ship*, No. 4:13-cv-968-A, Dkt. No. 2; *Harris v. Integrity Solutions Servs.*, No. 4:13-cv-969-O, Dkt. No. 2. Even crediting Plaintiff's contention that he did not believe he had to report any settlement amounts as an "amount of money received ... during the past 12 months," Dkt. No. 2 at 1, in his motion to proceed *in forma pauperis*, *see* Dkt. No. 31 at 2-3, his continued evasive responses in seeking *in forma pauperis* status after the filing of Defendant's motion for sanctions is troubling. Plaintiff has now filed 14 civil lawsuits in the Northern District of Texas since June of 2012 and, yet, continues to file affidavits under penalty of perjury that do not reflect any monetary settlements as money contained "in bank accounts or in any other financial institution."

In light of Plaintiff's filing history in this Court, Plaintiff should be warned that, if he persists in filing frivolous lawsuits or providing incomplete and misleading answers in sworn affidavits, the Court may impose monetary sanctions or bar him from bringing any further action *in forma pauperis*. *See* FED. R. CIV. P. 11(b)(2) and (c)(1).

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). As recognized by the Supreme Court, such authority also includes the power "to levy sanctions in response to abusive litigation practices." *Id.* (citations omitted). If a *pro se* litigant has a history of filing multiple frivolous claims, sanctions may be appropriate. *See Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993).

### Recommendation

Plaintiff's motion to strike [Dkt. No. 25] should be denied. Defendant's motion for sanctions [Dkt. No. 26] should be denied. Defendant's motions to dismiss [Dkt. Nos. 22 & 35] should be treated as motions for summary judgment and should be granted, and Plaintiff's claims should be dismissed with prejudice. The undersigned further recommends that Plaintiff be warned that sanctions may be imposed if he persists in providing incomplete and misleading responses in seeking *in forma pauperis* status or persists in filing frivolous lawsuits.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 30, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE